**James M. ADAMS, Appellant,**

v.

**Leslie M. ISBELL, Appellee.**

**No. 20461.**

Court of Civil Appeals of Texas, Dallas.

March 6, 1981.

Gary Gilliland, Dallas, for appellant.

Bill H. Yarborough, Yarborough & Pope, Bedford, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

CARVER, Justice.

Plaintiff, James M. Adams, petitions for review by writ of error of a judgment in favor of defendant, Leslie M. Isbell, which was rendered on a counterclaim after plaintiff had nonsuited his own action. Although we conclude that Adams did not participate in the trial below and, thus, may seek review by writ of error, we affirm because the evidence on the counterclaim supports the judgment rendered by the court.

Adams originally filed this suit against Isbell seeking a determination as to whether Adams and Isbell were partners or were stockholders in a corporation and, in accordance with the court's determination, a declaration of Adams and Isbell's rights in a certain commercial venture. Isbell filed a counterclaim against Adams seeking recovery of the balance due on a promissory note, together with interest and contractual attorney's fees. All issues between the parties were set for trial on July 19, 1979. Adams' attorney appeared in court on that date and requested a nonsuit of Adams' cause of action, which request was granted. Although the record reflects that the court warned counsel for Adams that all issues were set for trial and that Isbell's counterclaim would go to trial, Adams' counsel left the court and neither Adams nor his counsel were present in the courtroom thereafter.

Isbell's counterclaim alleged a promissory note executed by Adams and payable to Isbell in the original principal amount of $48,000, payable in 60 equal monthly installments of $800 each, beginning January 15, 1979, with interest only on default at ten percent (10%) per annum plus reasonable attorney's fees, not to exceed ten percent (10%) of the original principal amount. The counterclaim admitted several payments had been made, thereby reducing the balance due on the note to $45,600, but asserted a default on the payment due April 15, 1979, followed by acceleration, demand, and this suit. Adams did not answer the counterclaim, but relied on Tex.R.Civ.P. 82 as interposing a general denial of the counterclaim for his benefit. Whether this denial was sufficient or not, both Isbell and the trial court treated it as sufficient and proceeded to trial.

At trial Isbell introduced the note into evidence and testified that Adams defaulted on the April 15, 1979, payment and that a demand for payment had been made upon Adams. He also testified regarding the necessity of employing counsel. Based upon this testimony, the trial court rendered judgment for Isbell on his counterclaim in the amount of $45,600, and awarded $1,000 in attorney's fees.

■ Isbell urges that we should not consider Adams' review by writ of error on the ground that Adams, through his counsel, participated in the trial by being present on the day the case was set; by being present at least long enough to offer and secure the nonsuit; and by being present long enough to receive the court's caution as to the instanter trial of the counterclaim. In summary, Isbell insists that an attorney cannot arrest the course of justice by walking out of the court. We agree that the court properly proceeded to trial on the counterclaim in Adams' absence, but we do not agree that Adams has no right of review by writ of error. In order for Adams to be denied review by writ of error, Adams must have participated in person, or by counsel, in the actual trial of the case. Tex.Rev.Civ. Stat.Ann. art. 2249a (Vernon 1971). Our

supreme court held in *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (Tex.1941) that "actual trial" as used in article 2249a means, "the hearing in open court, leading up to the rendition of judgment . . . ." Since the statement of facts fails to show that Adams, or his counsel, were present and participating during the hearing leading up to the rendition of judgment, Adams cannot be denied review by writ of error.

■ Review by writ of error affords appellant the same scope of review as an appeal, that is, a review of the entire case. *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex. 1965). We therefore turn to a review of the record below. Adams attacks the factual sufficiency of the record to support the judgment in five points. We find such points without merit and hereby overrule them.

■ In his first point, Adams urges us to reverse on the ground that the testimony of Isbell, "showed that he did not possess sufficient capability to understand either the questions he was being asked or the answers he was giving." Specifically, Adams contends the statement of facts shows that Isbell did not, in fact, understand the terms "offset" or "holder" when such terms were included in questions propounded by Isbell's own counsel. Upon a review of the testimony, we conclude that, while there is room for doubt as to Isbell's understanding of these terms when used alone, there is no doubt that Isbell understood and responded to synonymous terms common to non-lawyers. Moreover, since Adams had not filed any pleadings to the counterclaim, issues as to "offsets" or "holder" were not before the court and therefore Isbell's knowledge or understanding of such terms was irrelevant. Consequently, we overrule this complaint.

In his second point, Adams argues that we should reverse the judgment because Isbell's testimony "showed that he was merely being an agreeable witness in the face of leading questions and had no independent knowledge or recollection of the events about which he was testifying." We have examined the record and, while we

find leading questions and Isbell's answers thereto, we do not find any word, or words, therein which justify the conclusion urged by Adams; consequently, we overrule this complaint.

Adams next urges a reversal of the judgment on the basis that Isbell's testimony "demonstrated internal inconsistencies"; however, no particular inconsistency is pointed out to us and we are unable to discover an inconsistency which the trial court could not, and, presumptively, did not resolve in favor of the judgment rendered. Consequently, we overrule this complaint.

In his next point, Adams urges that we reverse the judgment because "the only testimony was inconsistent with such allegations" of Isbell's counterclaim. Again, the inconsistency complained about is not pointed out to us and our review of the testimony fails to reflect an inconsistency vital to Isbell's right to relief; therefore, we also overrule this complaint.

█ Lastly, Adams urges a reversal of the judgment on the ground that, "The Court erred in entering a Judgment Nihil Dicit against Plaintiff on Defendant's Counterclaim." While the judgment appearing in the record is entitled "Judgment Nihil Dicit," the body of the judgment, as well as the statement of facts, reflects that a trial was conducted and judgment was rendered upon the proof adduced, not because of an insufficient answer, the withdrawal of an answer, or a confession of judgment by Adams. Thus, the judgment was not a "nihil dicit" judgment. *See Llast v. Emmett,* 526 S.W.2d 288 (Tex.Civ.App.— Tyler 1975, no writ); *Bredeson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 513 S.W.2d 110 (Tex.Civ.App.—Dallas 1974, no writ). Since Isbell's allegations were proved at trial rather than sustained solely because of Adams' want of answer or confession, we overrule this point.

Affirmed.