Alfred MAYS and Willie Lee Marshall, Appellants,

v.

Vernon A. PERKINS, Appellee.

No. 01–95–01395–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 11, 1996.

---

Carlos A. Peniche, Houston, for Appellants.

Walter F. Williams, III, Diane M. Gauriglia, Houston, for Appellee.

Before HUTSON–DUNN, MIRABAL and HEDGES, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellants, Alfred Mays and Willie Lee Marshall, appeal by writ of error the granting of a final judgment in favor of appellee, Vernon Perkins. We reverse.

The underlying suit to this appeal involved an automobile accident. The plaintiffs, Rodney James, Sr., and Rodney James, Jr. (plaintiffs), sued Vernon Perkins, Mays and Marshall for damages. Mays and Marshall filed their answers through their attorney, Randall Owens. On July 26, 1994, plaintiffs amended their petition dropping Mays as a named defendant but maintaining allegations of negligent entrustment against him in the

body of the petition. On October 5, 1994, plaintiffs filed a second amended petition that dropped all allegations of negligence against Mays.

On December 6, 1994, Marshall filed a cross-claim against Perkins, to which Mays was also a named plaintiff, for personal injuries and property damage arising from the same automobile accident made the basis of the original lawsuit. This cross-claim was filed by Mark Wottlin, Marshall's and Mays' attorney of record for this cross-claim only.

On April 5, 1995, a motion for a minor settlement hearing to be heard on April 25, 1995, was filed on behalf of Rodney James, Jr., by his attorney, Gary Block, as ad litem for the minor. On April 25, 1995, an agreed judgment was entered into and signed by *Randall Owens as attorney for defendants, Marshall and Mays;* Walter Williams as attorney for the defendant Perkins; Gary Block as Guardian Ad Litem for Rodney James, Jr.; and by Brady King as attorney for Rodney James, Sr. Nowhere on the face of the agreed judgment does it reference the cross-claim by Marshall and Mays, nor was their attorney, Mark Wottlin, a signer to the agreed judgment. The agreed judgment, in addition to disposing of all plaintiff's claims, also stated that "all claims and causes of action that were, or could have been, brought in this proceeding against the defendants, Willie Lee Marshall, Alfred Mays, and Vernon A. Perkins, are dismissed with prejudice."

On May 19, 1995, Mark Wottlin, on behalf of Mays and Marshall, filed a motion for judgment nunc pro tunc, or alternatively a motion for new trial. In the motion, they alleged, respectively, that the judgment contained a clerical error in that it disposed of a cross-claim of which none of the parties were aware, and that Wottlin did not appear at the hearing because he thought it was for the exclusive purpose of entering an interlocutory judgment for the benefit of Rodney James, Jr.

The record next reflects that on September 8, 1995, Bob Corvo, Marshall's and Mays' new attorney, requested that the case be set for trial. That same day, the trial court set the case for trial on April 24, 1996. On September 21, 1995, the trial court sent Wottlin a notice of intent to dismiss for want of prosecution, giving Wottlin until November 3, 1995, to set Marshall's and Mays' claims against Perkins for trial. On October 18, 1995, the trial court heard Marshall's and Mays' motion for judgment nunc pro tunc, which it denied. The trial court stamped the agreed judgment as "closed," and treated the agreed judgment as final.

■ Marshall and Mays now appeal by writ of error, alleging in their sole point of error that the trial court erred in finding the agreed judgment of April 25, 1995, had become a final judgment. To be entitled to appeal by writ of error to the court of appeals, the party seeking relief must show (1) the appeal was perfected within six months of the date of the judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) there is error apparent on the face of the record. *Havens v. Ayers*, 886 S.W.2d 506, 508 (Tex.App.—Houston [1st Dist.] 1994, no writ). In this case, the judgment was signed on April 25, 1995, and the writ of error was perfected on October 25, 1995. Appellee contests whether Mays and/or Marshall were parties to the suit who did not participate in trial, as well as whether there is error apparent on the face of the record.

■ First, Perkins argues Mays was not a party to the suit, so he is not entitled to review by writ of error. Specifically, Perkins argues that because Mays was dismissed before the cross-action was filed, Mays was not a proper cross-plaintiff or intervening party to the suit. It is well established that an amended petition that omits a defendant operates as a voluntary dismissal as to that defendant. *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex.1972); *Ludwig v. Enserch Corp.*, 845 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, no writ). Under the applicable case law, Mays was dismissed from the suit at the time of the plaintiff's second amended petition. However, even though Mays was dismissed under the second amended petition, Mays' attorney, Owens, signed the judgment in his representative capacity for Mays, and in the judgment itself, fines were

charged against Mays as a part of the judgment. Therefore, despite the dismissal, we must determine whether Mays resubmitted himself to the jurisdiction of the court by appearing through counsel and participating in the agreed final judgment.

A defendant's appearance before a court generally indicates a submission to the court's jurisdiction. TEX.R.CIV.P. 120. However, the mere presence in court by an attorney, retained as counsel by a person formerly a party to the lawsuit, does not constitute a general appearance, unless the attorney seeks a judgment or an adjudication on some question. TEX.R.CIV.P. 120; *CIGNA Ins. Co. & INAC v. TPG Store, Inc.*, 894 S.W.2d 431, 434 (Tex.App.—Austin 1995, no writ); *Strawder v. Thomas*, 846 S.W.2d 51, 61 (Tex. App.—Corpus Christi 1992, no writ). In our case, Owens appeared for the agreed final judgment and signed in his representative capacity for Mays. Therefore, we find that Mays reavailed himself of the jurisdiction of the court and was in fact a party to the suit at the time of the disposition of the agreed final judgment.

Second, Perkins argues that Marshall participated in the trial court proceedings, and therefore they are not entitled to appeal by writ of error.[1] Specifically, Perkins argues that when a party participates in approving the final order in a case, this constitutes "participation" in the trial. *See Stubbs*

*v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex.1985); *North v. Lawrence*, 841 S.W.2d 540, 541 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). Perkins argues we should not consider Marshall's and Mays' review by writ of error on the ground that their attorney participated in and approved the terms of the agreed final judgment. Marshall and Mays do not dispute their participation insofar as the plaintiffs disposed of their claims against them. However, they argue that they received no notice of a hearing to dispose of their cross-claims against Perkins. Further, their attorney, Wottlin, was not present at the settlement hearing to confer in disposing of their cross-claim.

The Texas Supreme Court has defined "actual trial" as ordinarily understood to be the hearing in open court, leading up to the rendition of judgment, on questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. *Stubbs*, 685 S.W.2d at 644–45 (quoting *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941)). However, the supreme court's definition of participation in the actual trial of the case, despite its apparent clarity, has not furnished a definitive guide. This is because trial courts decide cases in a wide variety of procedural contexts.[2] The question becomes more difficult

---

1. Because of our holding that Mays was a party to the suit, we apply Perkins' argument that Marshall did not participate in the trial to Mays as well.

2. The issue of degree of participation arises in a variety of contexts, and the availability of writ of error is determined after considering the differences in the contexts in which the issue arises. The following cases have held that certain activities were *not* sufficient involvement in the trial to preclude review by writ of error: *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985) (signing an agreement incident to divorce which was revocable before rendition of judgment); *Nueces County Housing Assistance, Inc. v. M & M Resources Corp.*, 806 S.W.2d 948, 951 n. 2 (Tex. App.—Corpus Christi 1991, writ denied) (filing post-judgment motions); *Tramco Enters., Inc. v. Independent American Sav. Ass'n*, 739 S.W.2d 944, 947 (Tex.App.—Fort Worth 1987, no writ) (participating in preliminary hearings but being absent from the final trial); *First Dallas Petrole-*

*um, Inc. v. Hawkins*, 727 S.W.2d 640, 643 (Tex. App.—Dallas 1987, no writ) (filing an answer is not "participation"); *Schulz v. Schulz*, 726 S.W.2d 256, 258 (Tex.App.—Austin 1987, no writ) (making a general appearance in cause by filing a plea to jurisdiction not "participation"); *In re Estate of Nation*, 694 S.W.2d 588, 588–89 (Tex.App.—Texarkana 1985, no writ) (filing a plea of intervention); *In Interest of Van Hersh*, 662 S.W.2d 141, 144 (Tex.App.—Amarillo 1983, no writ) (taking part in preliminary trial proceedings); *Alejo v. Pellegrin*, 616 S.W.2d 331, 332–33 (Tex.Civ.App.—San Antonio 1981, writ dism w.o.j.) (filing pleadings and giving notice of appeal); *Adams v. Isbell*, 615 S.W.2d 254, 256 (Tex.App.—Dallas 1981, no writ) (nonsuiting affirmative claims and exiting courtroom before trial on counter-claims began).

Other cases have held that other activities *were* sufficient involvement in the trial to preclude review by writ of error: *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d 948, 949–50 (Tex.App.—

when a party participates in some but not all of the proceedings at trial.

The issue presented to us by this case is whether participation in the disposition of the plaintiff's claims necessarily constitutes participation in the disposition of the cross-claims as well. The Texas Supreme Court recently addressed an identical issue in *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586 (1996); *see also Withem v. Underwood*, 922 S.W.2d 956 (Tex.1996) (holding Withem did not participate in trial on damages where he filed an answer, had his pleadings struck and summary judgment rendered against him on the issue of liability, but did not attend trial on damages). In the *Texaco* case, the plaintiff brought suit against Texaco and Central Power & Light Company (CPL). *Texaco*, 925 S.W.2d at 587. CPL filed a cross-claim against Texaco alleging it was entitled to full indemnification pursuant to the Public Utility Commission tariff. *Id.* At trial, Texaco appeared and announced "ready" for trial of both plaintiffs' claims and CPL's counterclaim. *Id.* at 587. During trial, Texaco announced the terms of its settlement with the plaintiffs; it later received notification of CPL's motion to take judicial notice of the tariff. *Id.* After settling the plaintiffs' cause of action, Texaco was aware that its only remaining exposure involved the cross-action. *Id.* at 656. Based on the fact that Texaco had been made fully aware of the motion to take judicial notice of the tariff, but did not respond, the trial court rendered judgment against Texaco on CPL's cross-claim. *Id.*

The San Antonio Court of Appeals dismissed Texaco's appeal by writ of error. *Texaco, Inc. v. Central Power & Light Co.*, 897 S.W.2d 854, 862–63 (Tex.App.—San Antonio 1995). That court held Texaco had "participated" in the trial because the parties announced "ready for trial" on plaintiff's claims and CPL's cross-claim for indemnity against Texaco, the attorneys were present in court and announced terms of settlement with plaintiffs, and Texaco received notification of CPL's motion to take judicial notice of tariff which was the subject of CPL's cross-claim against Texaco. *Id.* at 862–63. The court reasoned that because Texaco's announcement of ready was a general appearance for all purposes, Texaco was not entitled to choose the issues in which it participated. *Id.* at 863.

The supreme court reversed the court of appeals, reasoning that while Texaco's announcement may have been a general appearance, it did not necessarily participate in the trial of the cross-claim. 925 S.W.2d at 590. The policy behind the non-participation requirement is to deny appeal by writ of error to those who should reasonably resort to the quicker method of appeal. *Id.* The court held that, in view of this policy, Texaco should not be denied review by writ of error because it was in no better position to prepare those issues for appeal than if it had never announced ready for trial. *Id.* Therefore, the court held Texaco did not "participate" in the trial that led to judgment against it. *Id.* at 591.

In *Adams v. Isbell*, the court also addressed whether "participation" in the disposition of the original claims constituted "participation" in the counterclaims. 615 S.W.2d 254 (Tex.Civ.App.—Dallas 1981, no writ). In *Adams*, appellant filed suit against appellee, who filed a counter-claim. On the day of trial, appellant's attorney appeared in court and obtained a nonsuit. *Id.* at 255. Although the court warned appellant that all issues were set for trial and that the counter-claim would go to trial, appellant's attorney left the courtroom. *Id.* Neither appellant nor his attorney was present in the courtroom thereafter. *Id.* at 255–56. Judgment

Houston [14th Dist.] 1993, no writ) (participation where party responded to motion to strike which adjudicated the party's right); *In re Estate of Hillje*, 830 S.W.2d 689, 691–92 (Tex.App.—San Antonio 1992, no writ) (participation in hearing on motion to dismiss is "participation in trial"); *Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d 137, 139 (Tex.App.—Dallas 1983, no writ) (taking part in necessary steps of summary judgment proceedings but not appearing at actual hearing was "participation"); *Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex.Civ. App.—Houston [14th Dist.] 1978, no writ) (waiving citation to divorce petition, waiving making of statement of facts, signing final judgment constituted "participation").

was rendered against appellant on appellee's counterclaim. *Id.*

Appellee argued that appellant was precluded from review by writ of error because his attorney participated at trial "by being present on the day the case was set; by being present at least long enough to offer and secure the nonsuit; and by being present long enough to receive the court's caution as to the instanter of the counterclaim." 615 S.W.2d at 256. The court rejected this argument, noting that the record did not reflect that appellant or his attorney was present and participated in the hearing that led to the rendition of judgment on the counterclaim. *Id.* The court held appellant did not "participate" in trial, and therefore, was not denied review by writ of error. *Id.*

■ Presently, participation in the actual trial is a matter of degree for purposes of 45(b) and should be construed liberally in favor of the right to appeal. *Stubbs,* 685 S.W.2d at 644–45. After considering *Texaco* and *Adams,* and the variations of the many interpretations of "participation," we find the facts in our case are strong in favor of "nonparticipation." The record shows that the only attorneys present at the minor settlement hearing were the attorneys for Rodney James, Sr., Rodney James, Jr., and Vernon Perkins. Neither Owens nor Wottlin was present at the minor settlement hearing. Further, the agreed judgment shows that Owens signed and represented Marshall and Mays as defendants in the case. Nowhere in the agreed judgment does it show that Mark Wottlin participated in the signing of the agreed judgment. Further, the record is devoid of any evidence that Wottlin received any advance notice of either the minor settlement hearing or the signing of the agreed judgment. In essence, no one who was a party to the minor settlement hearing or the signing of the agreed judgment represented Marshall and Mays as a cross-plaintiffs, nor was the cross-claim specifically mentioned or disposed of in the agreed judgment.

The record reflects that on September 8, 1995, Marshall's and Mays' new attorney, Bob Corvo, requested that the cross-claims be set for trial against Perkins. The claims were set for trial on April 24, 1996. In spite of the trial setting, the trial court sent Wottlin a dismissal for want of prosecution notice on September 21, 1995, giving Wottlin until November 3, 1995, to set the cross-claims against Perkins for trial. This evidences that the trial court was acknowledging the existence of Marshall's and Mays' claims for relief against Perkins. We agree that the trial court properly entered the agreed judgment disposing of all plaintiff's claims against Marshall, Mays, and Perkins, but we do not agree that Marshall and Mays participated in the actual trial leading up to the rendition of judgment on their cross-claims. Therefore, we hold Marshall and Mays did not participate in the trial on their cross-claim so as to preclude review by writ of error.

■ Finally, we must determine whether there is error on the face of the record. The trial court treated the agreed judgment as a final judgment and dismissed with prejudice any claims that were or could have been brought against Perkins. Nevertheless, Marshall and Mays had no trial on their cross-claims and were not represented in their capacity as claimants for affirmative relief by their separate and independent counsel, Wottlin. Action taken by a trial court that results in a purported final dismissal of plaintiff's cause of action without proper notice is a denial of plaintiff's due process rights to be heard on such matters. *Seckers v. Ocean Chemicals, Inc.,* 845 S.W.2d 317, 318 (Tex.App.—Houston [1st Dist.] 1992, no writ).

■ Perkins claims he did not know of the cross-claims against him until Marshall and Mays filed their judgment nunc pro tunc. He argues that notice that is not properly served on him may not be used against him. *See DePue v. Henderson,* 801 S.W.2d 178, 179 (Tex.App.—Houston [14th Dist.] 1990, no writ). Service of process is not necessary when a cross-claim is filed against a party who has already made an appearance in the case; service under TEX.R.CIV.P. 21a is sufficient. TEX.R.CIV.P. 124. The record shows that service was made and notice was given to all parties. Further, the record shows Mays' and Marshall's petition was filed with the clerk's office. This is sufficient evidence

on the face of the record that notice was given to Perkins of the cross-claims against him.

Marshall and Mays did not participate in any trial on their claims for affirmative relief, nor did they participate in or agree to any judgment disposing of their affirmative claims for relief. The only hearing in this case was the minor settlement hearing in which Rodney James, Sr., testified, and the record shows that no counsel for Mays or Marshall appeared at this settlement hearing. To call the agreed judgment a final judgment denied Marshall and Mays their right to be heard on their cross-claims against Perkins. We hold this is error on the face of the record. We sustain appellant's sole point of error.   .

We reverse and remand this case to the trial court.