

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00767-CV

**IN THE INTEREST OF D.M.B. Jr.** and I.L.B., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-02050
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Marialyn Barnard, Justice
Dissenting Opinion by:  Rebeca C. Martinez, Justice

Sitting:    Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Jason Pulliam, Justice

Delivered and Filed:  April 29, 2015

DISMISSED FOR WANT OF JURISDICTION

This is a restricted appeal from a trial court's order terminating appellant father's ("Father")

parental rights.  On appeal, Father contends the trial court erred in terminating his parental rights

because the trial court lacked personal jurisdiction over him.  We dismiss the appeal for want of

jurisdiction.

## BACKGROUND

In 2013, the Texas Department of Family Services ("the Department") filed an original

petition, seeking to terminate Father's parental rights to his children, D.M.B. and I.L.B., on

numerous grounds.[1]  In the petition, the Department provided an address for Father.  Along with

---

[1] The Department also sought to terminate the parental rights of the children's mother.  Her rights were terminated, and she has not filed an appeal challenging the order of termination.

the petition, the Department filed a motion for substituted service, requesting authorization to serve Father by publication or other means of substituted service. *See* TEX. R. CIV. P. 106 (authorizing substituted service in certain instances). The affidavit attached to the motion stated Father could "probably be found" at the address listed in the petition because Father had previously lived there. The trial court signed an order authorizing service on Father by any person authorized by Rule 103 of the Texas Rules of Civil Procedure — sheriff or constable, any person over eighteen authorized by law or written court order, any person certified by supreme court order — in accordance with Rule 106. *See* TEX. R. CIV. P. 103 (stating who may serve legal process, including citation); TEX. R. CIV. P. 106. The trial court also appointed an attorney ad litem for Father. *See* TEX. FAM. CODE ANN. § 107.013(a)(3) (West 2014) (requiring appointment of attorney ad litem for alleged father who has not registered with paternity registry and whose identity or location is unknown). Shortly thereafter, a return of citation was filed, showing citation was posted on the door of the house at the address listed in the Department's petition and affidavit supporting the motion for substituted service. *See* TEX. R. CIV. P. 106(b)(1) (authorizing service of process — upon motion with supporting affidavit stating usual place where defendant can probably be found — by leaving copy of citation and petition in manner reasonably effective to give defendant notice of suit).

The trial court subsequently held an adversary hearing regarding temporary placement of the children as required by section 262.201 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 262.201 (West 2014). The record reflects Father's attorney ad litem appeared at the hearing.[2] At the Chapter 262 hearing, Father's attorney ad litem announced "not ready" and informed the trial court he and his secretary spoke to Father the day before the hearing. The trial court proceeded, and during the hearing, Father's attorney asserted numerous objections on Father's

---

[2] We note the recitals in the orders rendered after the Chapter 262 hearing conflict as to whether Father personally appeared; however, the reporter's record establishes Father was not personally present at the hearing.

behalf. At the end of the hearing, the trial court granted a temporary order, giving the Department temporary custody of the children.

One month later, the trial court held a status hearing at which Father's attorney ad litem again appeared. Ultimately, the matter was transferred to the Family Drug Court — the Department had alleged, as grounds for termination, that both parents used controlled substances in a manner that endangered the children. *See* TEX. FAM. CODE ANN. § 161.001(1)(p) (West 2014). However, the case was "expelled" from the Family Drug Court for "non-compliance." The matter was subsequently set for trial on the merits.

On July 25, 2014, the termination matter was tried to the court. The reporter's record lists appearances by the attorneys for the Department, the mother, and the children; however, it does not list an appearance by Father or Father's attorney ad litem. At trial, the attorneys representing the Department, the mother, and the children announced present, but neither Father nor Father's attorney ad litem announced present or ready; there is nothing in the reporter's record to suggest Father or anyone on Father's behalf was present for trial. At the conclusion of the one-day trial, the trial court signed an order terminating Father's parental rights based on two of the grounds originally pled by the Department in its petition.

The trial court's order of termination was signed July 25, 2014. Accordingly, because parental termination appeals are accelerated, Father's notice of appeal was due August 14, 2014. *See* TEX. FAM. CODE ANN. § 263.405(a) (stating that appeal from termination order is governed by procedures for accelerated appeals in civil cases under Texas Rules of Appellate Procedure); TEX. R. APP. P. 26.1(b) (stating that in accelerated appeal, notice of appeal must be filed within twenty days after judgment or order is signed). However, Father did not file his notice of appeal until November 4, 2014. The notice of appeal stated it was a restricted appeal, and it was filed within the six month time period for filing a restricted appeal. *See* TEX. R. APP. P. 26.1(c) (stating that in

restricted appeal, notice of appeal must be filed within six months after judgment or order is signed).

## ANALYSIS

On appeal, Father raises two issues, arguing the termination order must be reversed because the trial court lacked personal jurisdiction over him.  More specifically, Father argues he was not properly served with citation because the substituted service used by the Department did not strictly comply with Rule 106, resulting in a violation of his state and federal due process rights.  The Department counters, arguing Father made a general appearance by and through his attorney ad litem at the Chapter 262 hearing, and therefore, waived his complaint about the alleged defective service.

As noted above, this is a restricted appeal.  Accordingly, we must determine whether Father has met the required elements for a restricted appeal as those elements are jurisdictional.

To bring a restricted appeal, Father must show: (1) he filed a notice of restricted appeal within six months of the date the termination order was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the termination order, i.e., the order complained of, and did not file any post judgment motions or a request for findings of facts and conclusions of law; and (4) error is apparent on the face of the record.  TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied).  Each element of a restricted appeal is mandatory and jurisdictional. *Ibarra v. City of Laredo*, No. 04-11-00035-CV, 2012 WL 3025709, *4 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op.) (citing *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ)).

The parties do not dispute that Father satisfied the first three jurisdictional elements of a restricted appeal. Thus, only the fourth element — error apparent on the face of the record — is at issue. For the purposes of a restricted appeal, the face of the record comprises the clerk's record, the reporter's record, as well as any other evidence otherwise presented to the trial court before final judgment. *See Norman Commc'n v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.). Error must be apparent from the face of the record and not inferred from the record. *See Norman*, 955 S.W.2d at 270; *Schoendienst*, 399 S.W.3d at 316.

We begin by addressing the Department's contention that Father made a general appearance at the Chapter 262 hearing and thereby waived any complaint regarding lack of service or improper service. A party waives complaints regarding service of process if he makes a general appearance. TEX. R. CIV. P. 120 (providing that entrance of general appearance has same force and effect as if citation has been issued and served as provided by law). Thus, if Father generally appeared, error is not apparent on the face of the record and this court lacks jurisdiction over Father's restricted appeal.

"A party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Electronics Co. v. Trejo*, 142 S.W.3d 302, 304–05 (Tex. 2004) (per curiam). In general, a party's personal appearance before a trial court indicates a submission to the court's jurisdiction, constituting a general appearance and therefore, waiving any complaint as to service. *Mays v. Perkins*, 927 S.W.2d 222, 225 (Tex. App.—Houston [1st Dist.] 1996, no writ) (citing TEX. R. CIV. P. 120). Similarly, a defendant waives a complaint regarding service if retained counsel appears in court on his behalf, seeking a judgment or adjudication on some question. *In re C.T.*, No. 13-12-00006-CV, 2012 WL 6738266,

at *11 (Tex. App.—Corpus Christi Dec. 27, 2012, no pet.) (mem. op.). Moreover, this court previously held that an appellant father waived any complaint about service when his attorney ad litem attended the termination hearing, announced not ready, but sought the court's consideration of the child's best interest. *In re P.Y.M.*, No. 04-13-00024-CV, 2013 WL 4009748, at *2 (Tex. App.—San Antonio Aug. 7, 2013, no pet.) (mem. op.). Accordingly, a party's request for affirmative action constitutes a general appearance because such a request recognizes a court's jurisdiction over the parties, whereas the mere presence by a party or his attorney does not constitute a general appearance. *Seals v. Upper Trinity Regional Water Dist.*, 145 S.W.3d 291, 296 (Tex. App.—Fort Worth 2004, pet. dism'd) ("[A] party who is a silent figurehead in the courtroom, observing the proceedings without participating, has not [generally appeared].").

Here, the appellate record establishes Father generally appeared through his attorney ad litem at the Chapter 262 hearing. Although a responsive pleading was never filed on behalf of Father, Father's attorney ad litem attended the Chapter 262 hearing and participated in the proceeding. At the Chapter 262 hearing, the attorney ad litem announced not ready, but proceeded to make repeated objections to the Department's request for a temporary restraining order and as to the admissibility of certain evidence. At no time during the Chapter 262 hearing did the attorney ad litem object to the lack of service. At the end of the Chapter 262 hearing, when asked whether he had any additional statements, the ad litem re-emphasized his objection to the entry of a temporary restraining order. Although the attorney ad litem announced not ready and did not question any witnesses, a review of the record indicates that by objecting to substantive issues, such as the admissibility of evidence, the attorney ad litem was more than a mere bystander or silent figurehead at the Chapter 262 hearing. *Cf. Seals*, 145 S.W.3d at 296–97 (holding that attorney generally appeared when it attended status hearing, stated "not asking for any affirmative relief" on the record, and did not object to any testimony, but sought clarification on pleadings).

Just as the First Court of Appeals recognized, counsel's objection to the admission of evidence "invoked the judgment of the court on a question other than the court's jurisdiction, recognized that the action was properly pending in Texas, and sought affirmative action from this court." *See Beistel v. Allen*, No. 01-06-000246-CV, 2007 WL 1559840, at *3 (Tex. App—Houston [1st Dist.—Houston] May 31, 2007, no pet.) (mem. op.).

The dissent, however, disagrees that the attorney ad litem's actions constituted a general appearance and contends a hearsay objection is not a request for judgment or adjudication for a non-jurisdictional issue. However, in determining whether a general appearance occurred, the emphasis is on affirmative action — not affirmative relief — and a party who objects to the admission of hearsay evidence seeks such an action even if the trial court does not rule on the objection. *See Beistel*, 2007 WL 1559840, at *3 (noting court did not rule on hearsay but holding hearsay objection was request for affirmative action from the court). Finally, the dissent compares the Chapter 262 hearing to an ancillary matter held prior to the main suit for the proposition that appearing in an ancillary matter prior to the main suit does not constitute a general appearance. *See Carey v. State*, No. 04-09-00809-CV, 2010 WL 2838631, at *3 (Tex. App—San Antonio July 21, 2010, pet. denied) (mem. op.). However, this was a Chapter 262 hearing, not an ancillary matter. Chapter 262 hearings are statutorily required in a parental termination cases. *See* TEX. FAM. CODE ANN. § 262.201 (West 2014). Although an ancillary matter — the temporary restraining order — arose during the Chapter 262 hearing, it was not the sole reason for the hearing.

Accordingly, we hold the attorney ad litem's actions, particularly his multiple objections to substantive issues, constituted a general appearance, establishing the court's personal jurisdiction over Father. *See P.Y.M.*, 2013 WL 4009748, at *2; *Beistel*, 2007 WL 1559840, at *3; *Seals*, 145 S.W.3d at 296–97. We therefore hold that by entering a general appearance through his attorney ad litem, Father waived his complaint regarding lack of service. *See P.Y.M.*, 2013

WL 4009748, at *2; *Beistel*, 2007 WL 1559840, at *3; *Seals*, 145 S.W.3d at 296–97.  As such, Father has not shown error on the face of the record, thereby depriving this court of jurisdiction over his restricted appeal.

## CONCLUSION

For the reasons stated above, we hold Father has failed to show error on the face of the record.  Because Father failed to meet all the jurisdictional requirements for a restricted appeal, we dismiss Father's appeal for want of jurisdiction.


Marialyn Barnard, Justice