In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00099-CV
_____

**MICK REDMOND, Appellant**

**V.**

**CHARLES R. KOVAR, Appellee**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 17-29865**

**MEMORANDUM OPINION**

Pro se Appellant Mick Redmond appeals the trial court's final judgment and

costs in favor of Appellee Charles Kovar. We affirm.

Procedural Background

Justice Court Proceedings

On January 3, 2017, Charles Kovar filed a petition for eviction against Mick

and Sierra Redmond (collectively "the Redmonds") in Justice Court, Precinct 3,

Montgomery County ("Justice Court").[1] The petition sought eviction of the Redmonds from the property located at "30 Butterfly Branch Place[,] The Woodlands[,] TX 77381" and alleged that Kovar had posted a notice to vacate on the front door of the property on December 28, 2016. The clerk's record includes a "Notice To Quit" from Kovar to the Redmonds dated December 28, 2016, and addressed to the Redmonds at the address at 30 Butterfly Branch Place. A copy of a Residential Lease Agreement signed by Kovar and by the Redmonds was attached and appears in the clerk's record. The lease agreement lists the address of the property as "30 Butterfly Branch Place[,] The Woodlands[,] Texas 77381[.]" On January 6, 2017, a deputy constable posted a copy of the petition to the front door of the property at "30 Butterfly Branch Pl[,] the Woodlands[,] TX 77381[.]"

On January 18, 2017, the Justice of the Peace signed a judgment against Mick Redmond and in favor of Charles Kovar. The judgment stated that "Plaintiff and Respondent both appeared and announced ready for trial." The judgment ordered that Kovar should recover possession of the property and that Redmond should pay $191 in court courts. The judgment also provided for Redmond to pay $1,150 in rent monthly during appeal, to be paid into the registry of the court. On January 23, 2017,

---

[1] The Justice Court rendered a default judgment against Sierra Redmond. Sierra Redmond is not a party to this appeal and we address her involvement in the underlying lawsuit only as necessary to our disposition.

2

Redmond filed a notice of appeal in the Justice Court. Redmond also filed an affidavit and statement of inability to pay costs of the appeal, which provided his address as "30 Butterfly Branch[,] Woodlands[,] TX 77382[.]"

County Court at Law Proceedings

Redmond's de novo appeal of the judgment rendered in Justice Court was filed in County Court at Law No. 2 (hereinafter "the trial court") on February 3, 2017. On February 6, 2017, the trial court signed a docket control order setting the matter for trial on March 13, 2017, at 9:00 a.m. The docket control order indicates it was sent to the Redmonds at "30 Butterfly Branch Pl.[,] The Woodlands[,] TX 77381[.]" On March 9, 2017, the trial court sent a Bench Trial Notification letter to the parties stating, "You are required to appear for Bench Trial in the above styled and numbered cause on Friday, 03/24/2017 at 3:30 PM." The Bench Trial Notification letter was addressed to the Redmonds at "30 Butterfly Branch Pl[,] The Woodlands, TX 77381[.]" According to the record, on March 13, 2017, the Assistant Court Coordinator also sent an email to Redmond, attaching a copy of the Bench Trial Notification.

The matter was tried before the trial court on March 24, 2017. Redmond appeared and participated in the trial. During the bench trial, Redmond objected to the admission of certain evidence explaining "I didn't get notice of any of the hearing

dates, the scheduling order or anything because the address was wrong. . . . The address that I live at at this property was mistyped, and I was not getting the court documents to that address." Redmond also verbally requested a continuance in order to obtain "certain documents[.]" The trial court denied the request for a continuance.

Kovar alleged that Redmond owed him $6,615.92 in rent, late charges, and attorney's fees. Redmond testified that he did not know exactly what he owed Kovar, but that he had been making overpayments for three years. According to Redmond, "one of the things [he] was wanting to get from [Kovar] through discovery would be the itemized payments amounts" that he had made and Redmond explained that he wanted a continuance "to sort this out." Redmond admitted he had not been paying the rent into the court registry.

The trial court signed a final judgment ruling in favor of Kovar, finding both of the Redmonds guilty of forcible detainer, ordering that Kovar recover possession of the property at 30 Butterfly Branch Place and court costs. Redmond appealed. Redmond's notice of appeal lists his address as "30 Butterfly Branch Place[,] The Woodlands, Texas 77382[.]"

## Issues

Appellant raises three issues on appeal. In his first issue, he argues that the trial court erred in signing and failing to set aside the judgment "which was based

4

upon Appellant['s] failure to provide a defense[.]" Appellant's second issue argues that the trial court erred in denying his oral request for a continuance because he was only informed of the trial date one week prior and was unprepared to proceed. Appellant's third issue argues that the Justice Court lacked jurisdiction to hear the original eviction proceeding because service was defective due to an error in the zip code and because Appellee failed to verify that the citation was correctly addressed.

We construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.–Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[ ]"); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (a reviewing court construes points of error liberally to obtain a just, fair, and equitable adjudication of the parties' rights). Nevertheless, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

### "Failure to Set Aside the Judgment"

Appellant's first issue argues that the trial court erred in signing the judgment and in "failing to set aside the Judgment which was based upon Appellant['s] failure to provide a defense[.]" The clerk's record includes no motion for new trial filed by Redmond. A motion for new trial must be in writing and may not assert only general

5

objections to the judgment. *See* Tex. R. Civ. P. 320, 322. Generally, to preserve an error for appeal, a party must make a timely and specific request, objection, or motion and obtain a ruling thereon. *See* Tex. R. App. P. 33.1(a). Additionally, when making an argument on appeal, we require the parties to make clear and concise arguments, cite to appropriate authority, and provide citations to the record. *See* Tex. R. App. P. 38.1(i). Even though we normally construe pro se briefs liberally, we require pro se parties to comply with the rules governing preservation of error and requiring adequate briefing and citations to the record. *See Ramey v. Fed. Home Loan Mortg. Corp.*, No. 14-14-00147-CV, 2015 Tex. App. LEXIS 6039, at *4 (Tex. App.—Houston [14th Dist.] June 16, 2015, no pet.) (mem. op.) (Pro se litigants are held to the same standards as licensed attorneys and "are not relieved of preservation-of-error requirements.") (citing *Hampton v. Nguyen*, No. 01-10-00473-CV, 2011 Tex. App. LEXIS 5844, at *9 (Tex. App.—Houston [1st Dist.] July 28, 2011, no pet.) (mem. op.); *Jackson v. Jackson*, No. 14-07-00917-CV, 2009 Tex. App. LEXIS 2896, at *5 (Tex. App.—Houston [14th Dist.] Apr. 28, 2009, no pet.) (mem. op.)); *Salmeron v. T-Mobile W. Corp.*, No. 14-07-00524-CV, 2009 Tex. App. LEXIS 1105, at *3 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.) ("We note that appellant's pro se status does not relieve him from the preservation-of-error requirements applicable to a licensed attorney.") (citing

*Nabelek v. Bradford*, 228 S.W.3d 715, 717 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)).

We overrule Appellant's first issue because he failed to preserve error and failed to provide adequate briefing. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by inadequate briefing[]"); *Atkins-January v. State Office of Risk Mgmt.*, No. 09-16-00439-CV, 2017 Tex. App. LEXIS 7330, at *4 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.) (an appellant may forfeit error by a failure to brief adequately); *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error."); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (an appellate issue unsupported by argument or citation to the record or legal authority presents nothing for appellate review).

## Motion for Continuance

In his second issue, Redmond argues that he requested a continuance "for insufficient notice of Bench Trial" and that he explained to the trial court that he was unable to request documents from Kovar "due to not receiving a scheduling order[.]" Appellant argues that he had a right to defend against eviction, and that if he had been given "his right to properly prepare his case[,]" the court would have awarded

judgment in his favor. He further argues that he was deprived of his "constitutional right to access to the courts" which caused irreparable damage.

According to the record, Redmond's motion for continuance was made orally and it was not supported by affidavit or by consent of the parties. Therefore, the motion did not comply with the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 251 (continuance shall not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law[]"). An appellate court will not disturb a trial court's order denying a motion for continuance unless the trial court has committed a clear abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)). A trial court "abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). When a motion for continuance is not verified nor supported by affidavit, we presume the trial court did not abuse its discretion by denying the motion. *Shaw v. Lemon*, 427 S.W.3d 536, 544 (Tex. App.—Dallas 2014, pet. denied) (citing *Moreno v. Silva*, 316 S.W.3d 815, 818 (Tex. App.—Dallas 2010, pet. denied)).

Additionally, the record fails to demonstrate that this complaint was communicated to the trial court by a timely motion, request, or objection complying

8

with the requirements of the rules of civil procedure. Tex. R. App. P 33.1(a). A motion for continuance that is not in writing and not in compliance with Rule 251 does not preserve error for appeal. *See Dempsey v. Dempsey*, 227 S.W.3d 771, 776 (Tex. App.—El Paso 2006, no pet.) (an oral request for a continuance does not preserve error); *Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (presentation of oral motion without supporting affidavit failed to preserve complaint for appellate review). We cannot say that the trial court erred in denying Redmond's oral motion for continuance, and we cannot say Redmond was denied access to the court. We overrule Appellant's second issue.

## Service of Process

We understand Appellant's third issue to argue that the Justice Court lacked jurisdiction over the cause because service was improper due to an error in his zip code. According to Appellant, "[s]ince service was defective, the trial court never obtained jurisdiction over [Appellant], resulting in the Judgment being void and unenforceable and requiring that the Judgment be set aside."

The record reflects that Redmond appeared before the Justice Court on January 18, 2017, and the trial court did not enter a default judgment against him. The record also reflects that Redmond appeared in court on March 24, 2017, the date provided in the Bench Trial Notification letter mailed to the parties on March 9,

2017, and emailed to Redmond on March 13, 2017. Texas Rule of Civil Procedure 120 provides that

> [t]he defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law.

Tex. R. Civ. P. 120; *see also In the Interest of D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied) (a party's personal appearance before a trial court generally indicates a submission to the court's jurisdiction and waives any complaint as to service) (citing *Mays v. Perkins*, 927 S.W.2d 222, 225 (Tex. App.—Houston [1st Dist.] 1996, no writ)). Therefore, by appearing personally before both the Justice Court and the trial court, Redmond waived any complaint as to defective service. We overrule Appellant's third issue.

Having overruled all of Appellant's issues, we affirm the judgment of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on January 4, 2018
Opinion Delivered February 1, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.

10