**IN the INTEREST OF D.M.B.
Jr. and I.L.B., Children**

No. 04–14–00767–CV

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: April 29, 2015

Karl Anthony Basile, Karl A. Basile Attorney at Law, San Antonio, TX, for Appellant.

Malcolm U. McClinchie III, Bexar County District Attorney's Office, Jay Brandon, Irene Vela Cadena, Law Office of Irene Vela Cadena, Brian Hamner, The Law Office of Brian A. Hamner, San Antonio, TX, for Appellee.

Sitting: Marialyn Barnard, Justice, Rebeca C. Martinez, Justice, Jason Pulliam, Justice

## OPINION

Opinion by: Marialyn Barnard, Justice

This is a restricted appeal from a trial court's order terminating appellant father's ("Father") parental rights. On appeal, Father contends the trial court erred in terminating his parental rights because the trial court lacked personal jurisdiction over him. We dismiss the appeal for want of jurisdiction.

## BACKGROUND

In 2013, the Texas Department of Family Services ("the Department") filed an original petition, seeking to terminate Father's parental rights to his children, D.M.B. and I.L.B., on numerous grounds.[1] In the petition, the Department provided an address for Father. Along with the petition, the Department filed a motion for substituted service, requesting authorization to serve Father by publication or other means of substituted service. See TEX. R. CIV. P. 106 (authorizing substituted service in certain instances). The affidavit attached to the motion stated Father could "probably be found" at the address listed in the petition because Father had previously lived there. The trial court signed an order authorizing service on Father by any person authorized by Rule 103 of the Texas Rules of Civil Procedure—sheriff or constable, any person over eighteen authorized by law or written court order, any person certified by supreme court order—in accordance with Rule 106. See TEX. R. CIV. P. 103 (stating who may serve legal process, including citation); TEX. R. CIV. P. 106. The trial court also appointed an attorney ad litem for Father. See TEX. FAM. CODE ANN. § 107.013(a)(3) (West 2014) (requiring appointment of attorney ad litem for alleged father who has not registered with paternity registry and whose identity or location is unknown). Shortly thereafter, a return of citation was filed, showing citation was posted on the door of the house at the address listed in the Department's petition and affidavit supporting the motion for substituted service. See TEX. R. CIV. P. 106(b)(1) (authorizing service of process—upon motion with supporting affidavit stating usual place where defendant can probably be found—by leaving copy of citation and petition in manner reasonably effective to give defendant notice of suit).

The trial court subsequently held an adversary hearing regarding temporary placement of the children as required by section 262.201 of the Texas Family Code. See TEX. FAM. CODE ANN. § 262.201 (West 2014). The record reflects Father's attorney ad litem appeared at the hearing.[2] At the Chapter 262 hearing, Father's attorney ad litem announced "not ready" and informed the trial court he and his secretary spoke to Father the day before the hearing. The trial court proceeded, and during the hearing, Father's attorney asserted

---

1. The Department also sought to terminate the parental rights of the children's mother. Her rights were terminated, and she has not filed an appeal challenging the order of termination.

2. We note the recitals in the orders rendered after the Chapter 262 hearing conflict as to whether Father personally appeared; however, the reporter's record establishes Father was not personally present at the hearing.

numerous objections on Father's behalf. At the end of the hearing, the trial court granted a temporary order, giving the Department temporary custody of the children.

One month later, the trial court held a status hearing at which Father's attorney ad litem again appeared. Ultimately, the matter was transferred to the Family Drug Court—the Department had alleged, as grounds for termination, that both parents used controlled substances in a manner that endangered the children. *See* TEX. FAM. CODE ANN. § 161.001(1)(p) (West 2014). However, the case was "expelled" from the Family Drug Court for "noncompliance." The matter was subsequently set for trial on the merits.

On July 25, 2014, the termination matter was tried to the court. The reporter's record lists appearances by the attorneys for the Department, the mother, and the children; however, it does not list an appearance by Father or Father's attorney ad litem. At trial, the attorneys representing the Department, the mother, and the children announced present, but neither Father nor Father's attorney ad litem announced present or ready; there is nothing in the reporter's record to suggest Father or anyone on Father's behalf was present for trial. At the conclusion of the one-day trial, the trial court signed an order terminating Father's parental rights based on two of the grounds originally pled by the Department in its petition.

The trial court's order of termination was signed July 25, 2014. Accordingly, because parental termination appeals are accelerated, Father's notice of appeal was due August 14, 2014. *See* TEX. FAM. CODE ANN. § 263.405(a) (stating that appeal from termination order is governed by procedures for accelerated appeals in civil cases under Texas Rules of Appellate Procedure); TEX. R. APP. P. 26.1(b) (stating that in accelerated appeal, notice of appeal must be filed within twenty days after judgment or order is signed). However, Father did not file his notice of appeal until November 4, 2014. The notice of appeal stated it was a restricted appeal, and it was filed within the six month time period for filing a restricted appeal. *See* TEX. R. APP. P. 26. 1(c) (stating that in restricted appeal, notice of appeal must be filed within six months after judgment or order is signed).

## ANALYSIS

On appeal, Father raises two issues, arguing the termination order must be reversed because the trial court lacked personal jurisdiction over him. More specifically, Father argues he was not properly served with citation because the substituted service used by the Department did not strictly comply with Rule 106, resulting in a violation of his state and federal due process rights. The Department counters, arguing Father made a general appearance by and through his attorney ad litem at the Chapter 262 hearing, and therefore, waived his complaint about the alleged defective service.

As noted above, this is a restricted appeal. Accordingly, we must determine whether Father has met the required elements for a restricted appeal as those elements are jurisdictional.

■ To bring a restricted appeal, Father must show: (1) he filed a notice of restricted appeal within six months of the date the termination order was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the termination order, i.e., the order complained of, and did not file any post judgment motions or a request for findings of facts and conclusions of law; and (4) error is apparent on the face of the

record. TEX.R.APP. P. 26. 1(c), 30; *Ins. Co. of State of Penn. v. Lejeune,* 297 S.W.3d 254, 255 (Tex.2009) (citing *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex.2004)); *In re B.H.B.,* 336 S.W.3d 303, 305 (Tex.App.—San Antonio 2010, pet. denied). Each element of a restricted appeal is mandatory and jurisdictional. *Ibarra v. City of Laredo,* No. 04–11–00035–CV, 2012 WL 3025709, *4 (Tex.App.—San Antonio July 25, 2012, pet. denied) (mem.op.) (citing *Serna v. Webster,* 908 S.W.2d 487, 491 (Tex.App.—San Antonio 1995, no writ)).

The parties do not dispute that Father satisfied the first three jurisdictional elements of a restricted appeal. Thus, only the fourth element—error apparent on the face of the record—is at issue. For the purposes of a restricted appeal, the face of the record comprises the clerk's record, the reporter's record, as well as any other evidence otherwise presented to the trial court before final judgment. *See Norman Commc'n v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997); *Schoendienst v. Haug,* 399 S.W.3d 313, 316 (Tex.App.— Austin 2013, no pet.). Error must be apparent from the face of the record and not inferred from the record. *See Norman,* 955 S.W.2d at 270; *Schoendienst,* 399 S.W.3d at 316.

▇▇▇ We begin by addressing the Department's contention that Father made a general appearance at the Chapter 262 hearing and thereby waived any complaint regarding lack of service or improper service. A party waives complaints regarding service of process if he makes a general appearance. TEX. R. CIV. P. 120 (providing that entrance of general appearance has same force and effect as if citation has been issued and served as provided by law). Thus, if Father generally appeared, error is not apparent on the face of the record and this court lacks jurisdiction over Father's restricted appeal.

▇▇▇ "A party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Electronics Co. v. Trejo,* 142 S.W.3d 302, 304–05 (Tex.2004) (per curiam). In general, a party's personal appearance before a trial court indicates a submission to the court's jurisdiction, constituting a general appearance and therefore, waiving any complaint as to service. *Mays v. Perkins,* 927 S.W.2d 222, 225 (Tex.App.—Houston [1st Dist.] 1996, no writ) (citing TEX. R. CIV. P. 120). Similarly, a defendant waives a complaint regarding service if retained counsel appears in court on his behalf, seeking a judgment or adjudication on some question. *In re C.T.,* No. 13–12–00006–CV, 2012 WL 6738266, at *11 (Tex.App.—Corpus Christi Dec. 27, 2012, no pet.) (mem.op.). Moreover, this court previously held that an appellant father waived any complaint about service when his attorney ad litem attended the termination hearing, announced not ready, but sought the court's consideration of the child's best interest. *In re P.Y.M.,* No. 04–13–00024–CV, 2013 WL 4009748, at *2 (Tex.App.—San Antonio Aug. 7, 2013, no pet.) (mem.op.). Accordingly, a party's request for affirmative action constitutes a general appearance because such a request recognizes a court's jurisdiction over the parties, whereas the mere presence by a party or his attorney does not constitute a general appearance. *Seals v. Upper Trinity Regional Water Dist.,* 145 S.W.3d 291, 296 (Tex.App.—Fort Worth 2004, pet. dism'd) ("[A] party who is a silent figurehead in the courtroom, observing the proceedings without participating, has not [generally appeared].").

Here, the appellate record establishes Father generally appeared through his at-

torney ad litem at the Chapter 262 hearing. Although a responsive pleading was never filed on behalf of Father, Father's attorney ad litem attended the Chapter 262 hearing and participated in the proceeding. At the Chapter 262 hearing, the attorney ad litem announced not ready, but proceeded to make repeated objections to the Department's request for a temporary restraining order and as to the admissibility of certain evidence. At no time during the Chapter 262 hearing did the attorney ad litem object to the lack of service. At the end of the Chapter 262 hearing, when asked whether he had any additional statements, the ad litem re-emphasized his objection to the entry of a temporary restraining order. Although the attorney ad litem announced not ready and did not question any witnesses, a review of the record indicates that by objecting to substantive issues, such as the admissibility of evidence, the attorney ad litem was more than a mere bystander or silent figurehead at the Chapter 262 hearing. *Cf. Seals*, 145 S.W.3d at 296–97 (holding that attorney generally appeared when it attended status hearing, stated "not asking for any affirmative relief" on the record, and did not object to any testimony, but sought clarification on pleadings). Just as the First Court of Appeals recognized, counsel's objection to the admission of evidence "invoked the judgment of the court on a question other than the court's jurisdiction, recognized that the action was properly pending in Texas, and sought affirmative action from this court." *See Beistel v. Allen*, No. 01–06–000246–CV, 2007 WL 1559840, at *3 (Tex.App.—Houston [1st Dist.—Houston] May 31, 2007, no pet.) (mem. op.).

The dissent, however, disagrees that the attorney ad litem's actions constituted a general appearance and contends a hearsay objection is not a request for judgment or adjudication for a non-jurisdictional issue. However, in determining whether a general appearance occurred, the emphasis is on affirmative action—not affirmative relief—and a party who objects to the admission of hearsay evidence seeks such an action even if the trial court does not rule on the objection. *See Beistel*, 2007 WL 1559840, at *3 (noting court did not rule on hearsay but holding hearsay objection was request for affirmative action from the court). Finally, the dissent compares the Chapter 262 hearing to an ancillary matter held prior to the main suit for the proposition that appearing in an ancillary matter prior to the main suit does not constitute a general appearance. *See Carey v. State*, No. 04–09–00809–CV, 2010 WL 2838631, at *3 (Tex.App.—San Antonio July 21, 2010, pet. denied) (mem.op.). However, this was a Chapter 262 hearing, not an ancillary matter. Chapter 262 hearings are statutorily required in a parental termination cases. *See* Tex. Fam. Code Ann. § 262.201 (West 2014). Although an ancillary matter—the temporary restraining order—arose during the Chapter 262 hearing, it was not the sole reason for the hearing.

Accordingly, we hold the attorney ad litem's actions, particularly his multiple objections to substantive issues, constituted a general appearance, establishing the court's personal jurisdiction over Father. *See P.Y.M.*, 2013 WL 4009748, at *2; *Beistel*, 2007 WL 1559840, at *3; *Seals*, 145 S.W.3d at 296–97. We therefore hold that by entering a general appearance through his attorney ad litem, Father waived his complaint regarding lack of service. *See P.Y.M.*, 2013 WL 4009748, at *2; *Beistel*, 2007 WL 1559840, at *3; *Seals*, 145 S.W.3d at 296–97. As such, Father has not shown error on the face of the record, thereby depriving this court of jurisdiction over his restricted appeal.

## CONCLUSION

For the reasons stated above, we hold Father has failed to show error on the face of the record. Because Father failed to meet all the jurisdictional requirements for a restricted appeal, we dismiss Father's appeal for want of jurisdiction.

## DISSENTING OPINION

Dissenting Opinion by: Rebeca C. Martinez, Justice

Because I disagree with the majority's conclusion that Father made a general appearance by and through his court-appointed ad litem attorney in this parental termination case, thus waiving any complaint about service and failing to show error on the face of the record, I respectfully dissent. I believe this court has jurisdiction to review the merits of this restricted appeal from the judgment terminating Father's parental rights.

In this case, Father opted to challenge the judgment by restricted appeal, as the Texas Rules of Appellate Procedure permit him to do. *See* TEX. R. APP. P. 30. To obtain reversal of a judgment by restricted appeal, the appellant must establish that (1) he filed notice of restricted appeal within six months after the date the judgment was signed, (2) he was a party to the suit, (3) he did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of, and did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or notice of appeal, and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex.2004). Only the fourth element is at issue in this case. Within the context of a restricted appeal, the record consists of all the papers on file in the appeal, including the reporter's record. *Norman Commc'n v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997) (per curiam); *Beller v. Fry Roofing, Inc.,* No. 04-05-00159-CV, 2005 WL 3115828, at *1 (Tex.App.–San Antonio Nov. 23, 2005, no pet.) (mem.op.). The face of the record must show error, not merely support an inference of error. *Gold v. Gold,* 145 S.W.3d 212, 213 (Tex.2004) ("[A] restricted appeal requires error that is *apparent,* not error that may be *inferred* ").

Here, Father contends the trial court had no personal jurisdiction over him because the Department did not strictly comply with the procedures for substituted service of citation; therefore, the face of the record shows error, in that it shows he was not properly served with citation under Rule 106(b). TEX. R. CIV. P. 106(b) (stating the procedures for substituted service); *see Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152–53 (Tex.1994) (strict compliance with rules governing service must affirmatively appear on face of record to support default judgment based on substituted service); *Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884, 885 (Tex.1985) (there are no presumptions in favor of valid issuance, service, and return of citation in face of writ or error attack on default judgment). The majority concludes that it need not address the merits of Father's complaint because he waived any defect in service by making a general appearance through his attorney ad litem. *See* TEX. R. CIV. P. 120. The guidelines for determining whether a party has made a general appearance are: (1) if the party invokes the jurisdiction of the court on any question other than the court's jurisdiction; (2) if the party recognizes by its acts that an action is properly pending; or (3) if the party seeks affirmative action from the court. *Exito Elecs. Co. v. Trejo,* 142 S.W.3d 302, 304 (Tex. 2004). The majority determines, without specific authority, that an objection to the

admissibility of evidence alone disqualifies the attorney as a "mere bystander or silent figurehead" and constitutes a sufficient deed by counsel on behalf of an absent Father that "seeks affirmative action from the court" to invoke the court's personal jurisdiction over Father. I disagree that the record before us in this parental termination suit supports the finding of a general appearance by Father.

Here, the clerk's record contains no pleadings filed by Father's attorney ad litem, who was appointed on August 26, 2013. On September 17, 2013, the trial court held a Chapter 262 hearing at which Father's attorney was present and announced "not ready." The September 17, 2013 "Temporary Order Following Show Cause Hearing" indicates the trial court conducted a full adversary hearing pursuant to section 262.205, although the reporter's record reflects the Department twice indicated, "this is a 113." *See* TEX. FAM. CODE ANN. § 262.113 (West 2014) ("Filing Suit Without Taking Possession of Child"); *id.* § 262.205 (West 2014) ("Hearing When Child Not in Possession of Government Entity"). The order set a status hearing and pre-trial conference pursuant to section 263.201 for November 6, 2013, and was signed by Father's attorney "approved as to form."[1] *See id.* § 263.201 (West 2014) ("Status Hearing; Time"). As the majority notes, the September 17, 2013 temporary order states in introductory form language that Father appeared in person and through his attorney, which is refuted by the reporter's record of the hearing which clearly shows that Father was not present.

The record reflects that Father was not present at the November 6, 2013 status hearing. Father's attorney was present and signed "approved as to form" the order setting the next status/permanency hearing for March 5, 2014 and trial on the merits for August 18, 2014. In December 2013, the case was transferred to drug court and that court set a March 7, 2014 date for the next status/permanency hearing and a trial date of July 11, 2014. The record shows neither Father nor his attorney were present at the March 7, 2014 hearing. On July 11, 2014, the case was expelled from drug court and transferred back to the 166th Judicial District Court.[2] The order set the matter for trial on the merits on July 25, 2014. Father's attorney signed the order "as to form only." Neither Father nor his attorney were present for trial on July 25, 2014. The termination order indicates in introductory form language that counsel appeared and announced "ready", but it is not signed by Father or his counsel.

My disagreement with the majority is whether the attorney ad litem's presence and actions at the Chapter 262 hearing on September 17, 2013 alone constituted a general appearance by Father in this termination suit.

If a trial court enters a judgment without acquiring personal jurisdiction over the parties, the judgment is void. *In re C.T.*, No. 13–12–00006–CV, 2012 WL 6738266, at *11 (Tex.App.–Corpus Christi Dec. 27, 2012, no pet.) (mem.op.) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985)). "[B]ecause an involuntary termination of parental rights involves fundamental constitutional rights, we must exercise the

---

1. On September 17, 2013, the trial court also entered an order authorizing placement of the children which does not reflect Father's appearance either in person or by attorney, and is not signed by Father's attorney.

2. I do not address the effect on the court's jurisdiction over Father after the case was transferred to and from the drag court.

utmost care in ensuring that a parent's rights are acknowledged and protected." *Id.* A termination suit is not a custody proceeding and is afforded higher scrutiny. *In re G.M.*, 596 S.W.2d 846, 846 (Tex. 1980). Termination proceedings must be strictly scrutinized, and termination statutes are strictly construed in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex.1985). Again, there are no presumptions in favor of valid issuance, service, or return of citation in the face of a writ of error attack on a default judgment. *Uvalde Country Club*, 690 S.W.2d at 885.

Here, the majority dismisses Father's restricted appeal after concluding that Father made a general appearance in the termination suit once his ad litem attorney "attended" and "participated" in the preliminary Chapter 262 hearing. The reporter's record indicates that Mother had agreed to the Department's managing conservatorship over her children, with her as possessory conservator, and that Father's attorney announced that Father was "not here" and that he "cannot be in agreement with the State." The trial court acknowledged the "not ready" announcement, but denied it and proceeded with the hearing. During the caseworker's testimony on direct examination by the Department, Father's attorney raised several evidentiary objections, e.g., hearsay, which were ruled on by the trial court. Despite the trial court's invitation to counsel that he could "cross, even though *you're not ready so you're not making an appearance*" (emphasis added), counsel did not engage in any cross-examination of the Department's witnesses nor present any witnesses or argument on Father's behalf. The trial court similarly invited counsel to cross-examine Mother, "without appearing," and counsel further declined. Father's attorney also objected to any evidence in support of the Department's request for a temporary restraining order against Fa-

ther on constitutional due process grounds for lack of notice because the Department had not pled for a restraining order in its petition. The trial court made no ruling on the attorney's objection. Father's attorney made no closing argument, and urged no prayer for relief on Father's behalf. In ruling, the trial court prohibited access by Father to the children, stating it was "not a restraining order, but it sounds like one." In closing, the Department argued for temporary possessory conservatorship as to Mother over both children, and as to Father over only one child until genetic testing could be ordered to confirm his parentage over the second child. The children's ad litem requested a genetic testing order for Father, presumably to confirm his parentage over the second child, to which the trial court replied, "I'm not going to DNA order him until he shows up."

By not agreeing or acquiescing to the restraining order at the Chapter 262 hearing, the ad litem avoided an implicit acknowledgment of the court's jurisdiction over Father and any recognition that an action was properly pending. *Cf. Schoendienst v. Haug*, 399 S.W.3d 313, 318–19 (Tex.App.–Austin 2013, no pet.) (internal citations omitted) (in restricted appeal, record showed appellant was served, did not file written answer, but "appeared" by entering into agreed temporary injunction, thereby entitling her to notice of default judgment when considered in the context of the present record). "[W]e do not suggest that agreeing or acquiescing to some form of temporary injunctive relief will *always* constitute an appearance." *Id.* at 321. In the absence of a written answer, "whether a defendant is considered to have 'appeared' depends on the nature and quality of the party's activities in the case" and requires a "fact-specific analysis that considers the nature and quality of any writ-

ten documents the defendant has filed in the case, any participation in hearings, and any other personal activity by the defendant." *Id.* at 316–17; *see In re Marriage of Runberg*, 159 S.W.3d 194, 198 (Tex. App.–Amarillo 2005, no pet.). In fact, we have previously held that an agreement to the extension of a temporary restraining order and to temporary injunction orders does not constitute a general appearance. *Carey v. State*, No. 04–09–00809–CV, 2010 WL 2838631, at *3 (Tex.App.–San Antonio July 21, 2010, pet. denied) (mem.op.). In particular, in *In re P.Y.M.*, we determined that counsel's attendance and participation at a parental termination hearing constituted a general appearance by properly considering counsel's specific actions in conducting a substantive examination of a witness, along with praying for a judgment and findings on behalf of her client. *In re P.Y.M.*, No. 04–13–00024–CV, 2013 WL 4009748 (Tex.App.–San Antonio Aug. 7, 2013, pet. denied) (mem.op.); *see also In re Runberg*, 159 S.W.3d at 198 (announced ready and entered into extensive agreement regarding subject matter of suit). In so doing, counsel sought an adjudication on a question of fact, i.e., on the best interests of the child, that explicitly addressed an adjudication on the merits of Father's claim or defense before the court and thus invoked the jurisdiction of the court.

Raising a hearsay objection does not rise to a plea. It does not seek a judgment or adjudication of some disputed non-jurisdictional issue, but merely an evidentiary ruling. It most certainly does not evidence an unqualified submission of Father's recognition that the court had jurisdiction over him to decide questions beyond jurisdiction itself, or that the underlying termination suit was properly pending. I am not willing to extend our recent holding so far as to hold that a court-appointed ad-litem's evidentiary objections alone constitute a general appear-

ance by Father, particularly when they are made ten months before the actual trial on the merits in an involuntary termination suit. Father's attorney made it clear to the court that he was "not ready" to proceed; the trial court likewise indicated on the record its understanding that Father's attorney was "not appearing." That the trial court refused to enter a restraining order or DNA testing on Father "until he shows up" is further evidence of the trial court's acknowledgment that Father had not yet made an appearance, either personally or through counsel. Almost a year later, on July 25, 2014, neither the ad litem attorney nor Father appeared at the trial seeking termination of Father's parental rights. Counsel's conduct throughout the record is consistent with a challenge to the court's jurisdiction and does not amount to an invocation of the court's jurisdiction nor a recognition that the suit was properly pending or that the court had properly exercised personal jurisdiction over the absent Father. *See Exito Elecs.*, 142 S.W.3d at 304. To so hold is inconsistent with Rule 120 and prevailing caselaw. *See* TEX. R. CIV. P. 120. There is nothing in the record that would suggest a contrary conclusion.

Moreover, we have previously recognized that appearing in a matter ancillary and prior to the main suit does not constitute a general appearance in the main suit. *See Carey*, 2010 WL 2838631, at *3 (holding party's agreement to extension of temporary restraining order and temporary injunction did not constitute a general appearance); *see also Turner v. Turner*, No. 14–98–00510–CV, 1999 WL 33659, at *3 (Tex.App.–Houston [14th Dist.] Jan. 28, 1999, no pet.) (holding attorney's presence at temporary restraining order hearing did not constitute general appearance because hearing related to an ancillary matter);

*see also In re M.G.M.,* 163 S.W.3d 191, 200–01 (Tex.App.–Beaumont 2005, no pet.) (refusing to hold defendant waived special appearance when party entered into agreed collateral order); *Perkola v. Koelling & Assocs., Inc.,* 601 S.W.2d 110, 111–12 (Tex.Civ.App.–Dallas 1980, writ dism'd) (holding defendant did not waive his plea by contesting interlocutory temporary injunction).

I do not believe these facts fit within the guidelines for making a general appearance and prevailing authority addressing the issue. *See Exito Elecs.,* 142 S.W.3d at 304. Most certainly, not within the context of this parental termination suit. The condemnation case cited by the majority is distinguishable from the facts in this case and not instructive. By analogizing this case with a condemnation suit, the majority fails to recognize "the unique procedural process involved in eminent domain cases" which involves both an administrative and judicial proceeding, and reliance thereon cannot justify ignoring a proper construction of Rule 120 and this court's more relevant precedent addressing the issue before us. *See Seals v. Upper Trinity Regional Water Dist.,* 145 S.W.3d 291, 294 (Tex.App.–Fort Worth 2004, pet. dism'd) (judicial phase begins after appellant filed his objections to special commissioners' award, not earlier during administrative phase when request for injunction was granted) (citing *Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240, 241 (Tex. 1984)). Without need, the majority extends the purview of our previous holdings and ignores the scrutiny required to protect due process owed to a parent against whom involuntary parental termination is sought.

Considering the absence of pleas or pleadings on behalf of Father and the complete absence of Father at all of the proceedings, in the context of the fundamental constitutional rights involved and the proceedings unique to this involuntary termination of parental rights suit, and the error I find apparent in the record before us, I would not hold that Father waived his complaints by entering a general appearance to dismiss this restrictive appeal. I find error on the face of the record and would retain jurisdiction over this restricted appeal to review the merits of Father's complaint regarding service.