

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00707-CV

**IN THE INTEREST OF J.W.S.**, a Child

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-01875
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  April 13, 2016

AFFIRMED

David and Donna appeal the termination of their parental rights to J.W.S., born in May 2013.[1] David's sole issue is that service was improper and inadequate for personal jurisdiction. Donna's issues are that there is legally and factually insufficient evidence of grounds for termination or that termination is in J.W.S.'s best interest. We affirm the trial court's judgment.

### PROCEDURAL BACKGROUND

The Department of Family and Protective Services filed a petition for termination of David's and Donna's parental rights to J.W.S. The trial court appointed David and Donna each an attorney ad litem. At a trial setting on the Department's petition, David's and Donna's attorneys

---

[1] To protect the identity of the minor child, we refer to the child's parents by their first names and to the child by his initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

ad litem appeared. Donna's attorney requested a continuance, and David's attorney announced not ready. The trial court reset the trial for a later date, but before the attorneys were excused, David entered the courtroom and informed the trial court that he was the alleged father in this case.

Several months later, the case proceeded to trial. Although David's and Donna's attorneys ad litem appeared at trial, David and Donna were not present. Raquel Escobar, the Department's caseworker, testified for the Department. No other evidence was admitted. After the trial on the Department's petition, the trial court signed an order terminating David's and Donna's parental rights. David and Donna now appeal.

### DAVID'S APPEAL

David argues the Department's service was defective. A party waives a complaint regarding defective service of process if he makes a general appearance. *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, no pet.) (citing TEX. R. CIV. P. 120). If a parent in a termination proceeding appears through an attorney ad litem and announces "not ready," and the parent's attorney ad litem participates in the hearing, the party makes a general appearance sufficient to waive a complaint regarding defective service of process. *See In re P.Y.M.*, No. 04-13-00024-CV, 2013 WL 4009748, at *2 (Tex. App.—San Antonio Aug. 7, 2013, no pet.) (mem. op.). David's ad litem attorney appeared at the first hearing and announced not ready; David also personally appeared at that first hearing. His attorney ad litem also participated in the trial. It was only when the attorney ad litem began to cross-examine the Department's witness that the attorney ad litem stated he was making a special appearance. We conclude David made a general appearance and waived his complaint regarding service of process. *See id.*; *see also In re D.M.B.*, 467 S.W.3d at 103.

**DONNA'S APPEAL**

The trial court found by clear and convincing evidence that Donna constructively abandoned J.W.S. and failed to comply with provisions of her court-ordered family service plan. The trial court also found by clear and convincing evidence that termination was in J.W.S.'s best interest. Donna argues there is legally and factually insufficient evidence to support these findings.

## A. Standard of Review

A judgment terminating parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b), (c) (West Supp. 2015). To determine whether this heightened burden of proof was met, we employ a heightened standard of review to determine whether a "factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). "This standard guards the constitutional interests implicated by termination, while retaining the deference an appellate court must have for the factfinder's role." *In re O.N.H.*, 401 S.W.3d 681, 683 (Tex. App.—San Antonio 2013, no pet.). We do not reweigh issues of witness credibility but rather defer to the factfinder's reasonable determinations of credibility. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).

A legal sufficiency review requires us to examine the evidence "in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could have done so, and we disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *Id.* But we may not simply disregard undisputed facts that do not support the finding; to do so would not comport with the heightened burden of proof by clear and convincing evidence. *Id.*

When conducting a factual sufficiency review, we evaluate "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *Id.* The evidence is factually insufficient "[i]f, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction." *Id.*

**B. Grounds for Termination**

A finding of only one ground for termination is sufficient to support a judgment of termination when there is also a finding that termination is in the child's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2002). The failure to comply with the court-ordered provisions of a family service plan is a ground for termination of parental rights. TEX. FAM. CODE ANN. § 161.001(1)(o) (West 2014). Donna argues "[n]o credible evidence was presented at the trial concerning any of the required elements" for this ground. She also argues there was no evidence that she signed the family service plan, suggesting that she did not receive it.

The failure to complete a family service plan is a ground for termination if the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child." *Id.* Caseworker Escobar testified J.W.S. was removed from the home for neglect, the Department provided Donna a service plan that was on file with the court, and Donna reviewed the service plan. The trial court appointed the Department as J.W.S.'s temporary managing conservator over a year before the trial. Escobar testified Donna completed the parenting course and drug treatment, but she did not complete other parts of the plan including "proof of employment, valid housing, [and] clean UAs because . . . not all of them were clean." Based on

Escobar's testimony, we hold a factfinder could reasonably form a firm belief or conviction that Donna failed to comply with her family service plan. *See In re C.H.*, 89 S.W.3d at 25.

**C. J.W.S.'s Best Interest**

The best-interest determination is a wide-ranging inquiry, and the Texas Supreme Court has set out some factors relevant to the determination:

- the desires of the child;
- the emotional and physical needs of the child now and in the future;
- the emotional and physical danger to the child now and in the future;
- the parental abilities of the individuals seeking custody;
- the programs available to assist these individuals to promote the best interest of the child;
- the plans for the child by these individuals or by the agency seeking custody;
- the stability of the home or proposed placement;
- the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
- any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). The list is not exhaustive, and not every factor must be proved to find that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 27. Evidence of only one factor may be sufficient for a factfinder to form a reasonable belief or conviction that termination is in the child's best interest—especially when undisputed evidence shows that the parental relationship endangered the child's safety. *Id.* "Evidence that the parent has committed the acts or omissions prescribed by section 161.001 may also be probative in determining the child's best interest; but the mere fact that an act or omission occurred in the past does not *ipso facto* prove that termination is currently in the child's best interest." *In re O.N.H.*, 401 S.W.3d at 684 (internal citation omitted).

Donna argues the only evidence relevant to the trial court's best-interest finding was (1) the lack of a bond between Donna and J.W.S., and this evidence showed J.W.S. was placed with a new family only one week before trial, and (2) vague evidence about "stability concerns."

However, Escobar testified J.W.S. was currently living in a "foster adopt home." She explained the prior caregivers were experiencing marital problems and decided not to adopt J.W.S. because they might divorce. The Department was able to place J.W.S. approximately two weeks after Escobar received notice from the prior foster parents. Escobar stated she observed J.W.S. in the new home, that J.W.S. is doing very well and bonding with his new caregivers, and that his new foster parents intend to adopt him.

Escobar testified the Department received a referral that Donna's paramour was "using heroin and using needles accessible to [J.W.S.]," and there was a concern that Donna was using drugs as well. Escobar stated that after J.W.S. was removed, Donna "disappear[ed] for a while." She testified Donna claimed "she was kidnapped by drug dealers for money that [her paramour] owed for heroin." Escobar also stated Donna reappeared sometime thereafter and Donna said "she was going to leave with [J.W.S.] and avoid the Department."

Escobar further testified that during the Department's investigation, Donna tested positive for marijuana, completed drug treatment, but then tested positive for drugs again. Escobar stated the Department attempted to continue to test Donna for drugs, but Donna refused to take the tests. Donna told Escobar that "she was living with a friend," made less than one-third of her scheduled visits with J.W.S., and spent only about ten hours with J.W.S. over a period of approximately fourteen months. Escobar stated Donna "would change her mind" about her future plans with J.W.S. "At first she said she wanted to fight for [J.W.S.], and then said she was interested in relinquishing, but she wanted to be able to have some kind of contact as far as pictures." Escobar testified Donna had not made significant efforts to demonstrate to the Department that she had stable housing or employment.

Although J.W.S., two years old at the time of trial, was unable to express his desires, there was evidence that Donna was not able to meet his emotional and physical needs. There was

evidence that Donna was using drugs, was responsible for exposing J.W.S. to a heroin user and drug needles, and lacked stable housing, employment, and consistent plans for J.W.S. There was also evidence that she had not made efforts over fourteen months to address the lack of stable housing or employment. We hold a factfinder could reasonably form a firm belief or conviction that termination of Donna's parental rights is in J.W.S.'s best interest. *See In re C.H.*, 89 S.W.3d at 25.

## CONCLUSION

David waived his complaint about defective service. There is also legally and factually sufficient evidence that Donna failed to comply with her family service plan and that termination of her parental rights is in J.W.S.'s best interest. We therefore affirm the trial court's judgment.

Luz Elena D. Chapa, Justice