

NUMBER 13-17-00614-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUAN R. RIVERA,                                                      Appellant,

v.

BLANCA E. RIVERA,                                                      Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Contreras and Benavides
### Memorandum Opinion by Justice Benavides

Appellant Juan R. Rivera, proceeding pro se, attempted to perfect an appeal from an order denying a bill of review rendered in cause number 2016-FAM-1691-G in the 319th District Court of Nueces County, Texas. The order was signed on April 13, 2017, but appellant did not file his notice of appeal until July 27, 2017. This Court dismissed the appeal on grounds that the appeal was not timely filed. *See Rivera v. Rivera*, No.

13-17-00423-CV, 2017 WL 3530941, at *2 (Tex. App.—Corpus Christi Aug. 17, 2017, no pet.) (mem. op.); *In re Rivera*, No. 13-17-00421-CV, 2017 WL 3205845, at *2 (Tex. App.—Corpus Christi July 28, 2017, orig. proceeding) (mem. op.) (concluding that Rivera's filed pleadings potentially constituted a bona fide attempt to invoke appellate jurisdiction).

Subsequently, on October 24, 2017, appellant filed a pro se notice of restricted appeal and a "motion for restricted appeal." On November 27, 2017, appellant filed an amended notice of appeal.

On December 8, 2017, the Clerk of this Court notified appellant that it appeared that the notice of appeal was not in compliance with Texas Rule of Appellate Procedure 25.1(d)(7). Specifically, in a restricted appeal, the notice of appeal must contain required information. *See* TEX. R. APP. P. 25.1(d)(7) (requiring that notice of appeal in a restricted appeal state that the appellant did not participate in the hearing that resulted in the judgment and the appellant did not timely file a post judgment motion or notice of appeal). The Clerk informed appellant that notice of this defect was being given so that steps could be taken to correct the defects, if possible. *See* TEX. R. APP. P. 37.1; 44.3. The Clerk directed appellant to file an amended notice of appeal with the trial court within ten days and to forward a copy of the amended notice of appeal to this Court. The Clerk informed appellant that the appeal would be dismissed if the defect was not corrected. In response, appellant filed a motion seeking to correct the defect in his notice of appeal. Appellant argues that "he did not participate in person or through counsel in the court hearing that resulted in the Divorce Decree Default Judgment he is complaining of . . . and that he is a party affected by said judgment . . . which was fraudulently procured by

2

his former wife and was rendered against him on April 4, 2012 without his knowledge." Appellant does not assert that neither he nor his counsel participated in the hearing resulting in the dismissal of his bill of review by order rendered on April 13, 2017. In the bill of review proceeding, appellant was represented by retained counsel.

To bring a restricted appeal, the appellant must show: (1) he filed a notice of restricted appeal within six months of the date the termination order was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the order complained of, and did not file any post judgment motions or a request for findings of facts and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26. 1(c); *id.* R. 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). These requirements are mandatory and jurisdictional. *See In re D.M.B.*, 467 S.W.3d 100, 102–03 (Tex. App.—San Antonio 2015, pet. denied); *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.-Fort Worth 2001, pet. denied).

The right to a restricted appeal is limited to parties who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion or notice of appeal. TEX. R. APP. P. 30. Our focus here is not on the original divorce decree entered in 2012, but on the order subject to review here—the order denying appellant's bill of review. Appellant does not assert that neither he nor his attorney participated in the hearing which resulted in the entry of the April 13, 2017 order denying the bill of review. According to the records before the Court, it appears that appellant's retained counsel participated in the bill of

3

review proceedings. Accordingly, the Court, having examined and fully considered the notice of appeal and the record before this Court, is of the opinion that we lack jurisdiction over this appeal. Therefore, we DENY appellant's motion for restricted appeal and appellant's motion for leave to supplement amended appeal. We DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). All other pending motions, if any, are likewise DISMISSED.

GINA M. BENAVIDES,
Justice

Delivered and filed the
25th day of January, 2018.

4