

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00022-CV

## IN THE INTEREST OF R.A. AND S.A., CHILDREN

**From the County Court at Law**
**Bosque County, Texas**
**Trial Court No. CV20-045**

## MEMORANDUM OPINION

Anna A. and Robert A. appeal from a judgment that terminated their parental rights to their children, R.A. and S.A. In three issues, Anna complains that the evidence was legally and factually insufficient for the trial court to have found that she committed the predicate acts in Section 161.001(b)(1)(D), (E), and (O) of the Family Code and that termination was in the best interest of the children. In four issues, Robert complains that his due process rights were violated because he was not properly served with citation, that the trial court erred by failing to appoint counsel timely and by denying his oral request for an extension at the final trial, and that the evidence was legally and factually insufficient for the trial court to have found that he committed the predicate acts in

Section 161.001(O) and (D). Because we find no reversible error, we affirm the judgment of the trial court.

**SUFFICIENCY OF THE EVIDENCE STANDARD OF REVIEW**

The standards of review for legal and factual sufficiency in termination cases are well established. *In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency). In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the finding to determine whether a trier of fact could reasonably have formed a firm belief or conviction about the truth of the Department's allegations. *In re J.L.*, 163 S.W.3d 79, 84-85 (Tex. 2005); *J.F.C.*, 96 S.W.3d at 265-66. We do not, however, disregard undisputed evidence that does not support the finding. *J.F.C.*, 96 S.W.3d at 266. In reviewing the factual sufficiency of the evidence, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id.* We must consider the disputed evidence and determine whether a reasonable factfinder could have resolved that evidence in favor of the finding. *Id.* If the disputed evidence is so significant that a factfinder could not reasonably have formed a firm belief or conviction, the evidence is factually insufficient. *Id.* If the evidence is sufficient as to one ground, it is generally not necessary to address the other predicate grounds because sufficient evidence as to only one ground in addition to the best interest finding is necessary to affirm a termination judgment. *In re N.G.*, 577 S.W.3d 230, 232-33 (Tex. 2019).

**FAMILY CODE SECTION 161.001(b)(1)(D) & (E)**

Because our analysis will not overlap between the parents' issues, we will address them separately. In her first issue, Anna complains that the evidence was legally and factually insufficient for the trial court to have found that she "knowingly placed or knowingly allowed the child[ren] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[ren]" or "engaged in conduct or knowingly placed the child[ren] with persons who engaged in conduct which endangers the physical or emotional well-being of the child[ren]." *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D) & (E).[1] "'[E]ndanger' means to expose to loss or injury; to jeopardize." *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987) (citation omitted). To endanger a child, "it is not necessary that the conduct be directed at the child or that the child actually suffers injury." *Id.* (citations omitted).

Under Section 161.001(b)(1)(D), parental rights may be terminated based on a single act or omission by the parent. *In re L.E.S.*, 471 S.W.3d 915, 925 (Tex. App.—Texarkana 2015, no pet.). Section 161.001(b)(1)(D) requires the endangerment to the children to be the direct result of the children's environment. *See In re K.P.*, No. 09-13-00404-CV, 2014 Tex. App. LEXIS 9263, at *38 (Tex. App.—Beaumont Aug. 21, 2014, no pet.) (mem. op.). In evaluating endangerment under Section 161.001(b)(1)(D), we only

---

[1] Anna discusses the sufficiency of the evidence as to both grounds together in one issue.

consider the children's environment before the Department obtained custody of the children. *See In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). It is not necessary that the parent know for certain that the children are in an endangering environment; rather, awareness of the potential for danger and a disregard of the risk is enough to show endangering conduct. *See In re S.M.L.*, 171 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

The Department received a referral that the children, ages 6 and 8, were living in a shed with no running water, heat, or air conditioning on property that was suspected to be involved with the manufacture and distribution of methamphetamine. The investigator found the children in the shed who said that they were alone and unable to get out of the shed. After the Department was able to enter the shed, Anna came from behind a curtain in the shed. The children were both dirty and appeared malnourished. The Department also had concerns that Anna was using drugs and was involved in prostitution and that sex trafficking had been taking place on the property. The children had only attended a total of six months of school and were significantly educationally delayed as well as behind in medical and dental treatment at the time of their removal from Anna's custody. The children had been emotionally harmed by being left alone for long periods of time by Anna and Robert after Anna and Robert's separation, which required therapy to address after their removal.

Anna argues that the evidence was legally and factually insufficient because the Department did not present more specific evidence of the condition of the shed or whether or not food was available in the shed. Anna also contends that the evidence that the children appeared malnourished and had gained weight was insufficient to show endangerment prior to their removal. Anna further argues that the Department failed to present evidence regarding the suspicions of methamphetamine manufacture and distribution or sex trafficking at the residence. Anna contends that these failures rendered the evidence legally and factually insufficient for a reasonable factfinder to have formed a firm belief of an endangering environment pursuant to Section 161.001(b)(1)(D). While undoubtedly the Department could have presented more substantial evidence of the environment of the children at the time of their removal, there was no evidence presented to dispute the Department's allegations. The condition of the shed, the lack of care of the children's needs, and the demonstrated emotional harm that had been inflicted on the children renders the evidence legally and factually sufficient for the trial court to have found that Anna "knowingly placed or knowingly allowed the child[ren] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[ren]." We overrule Anna's first issue as it relates to Section 161.001(b)(1)(D). Because we have addressed the sufficiency of the evidence as to Section 161.001(b)(1)(D), it is not necessary to address the evidence pursuant to Section 161.001(b)(1)(E). We overrule Anna's first issue.

## FAMILY CODE SECTION 161.001(b)(1)(O)

In her second issue, Anna complains that the evidence was legally and factually insufficient for the trial court to have found that she failed to complete her service plan pursuant to Section 161.001(b)(1)(O). However, because only one predicate act under Section 161.001(b)(1) is necessary to support a judgment of termination in addition to the required finding that termination is in the child's best interest, it is not necessary to consider this issue pursuant to Section 161.001(b)(1)(O). *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). We overrule Anna's issue two.

## BEST INTEREST

In her third issue, Anna complains that the evidence was legally and factually insufficient for the trial court to have found that termination was in the best interest of the children. In determining the best interest of a child, a number of factors have been consistently considered which were set out in the Texas Supreme Court's opinion, *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply indicates factors that have been or could be pertinent in the best interest determination. *Id*. There is no requirement that all of these factors must be proved as a condition precedent to parental termination, and the absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence establishing one of the predicate grounds under section 161.001(b)(1) also may be

relevant to determining the best interest of the child. *See C.H.*, 89 S.W.3d at 27-28.

Anna argues that the lack of evidence regarding the initial removal of the children and the fact that the children's aunt testified that the children miss their father and the Department and the children's aunt testified that the children are doing well placed with their paternal grandfather is insufficient to overcome the presumption that it is in the children's best interest for the parent to retain custody. On appeal, Anna acknowledges that the evidence showed that the children are doing well in their current placement and that their grandfather wants to adopt them. However, Anna did not testify at the trial or controvert any of the Department's allegations, explain her failure to participate in services, or present any evidence against termination by presenting witnesses on her behalf. Anna did not complete any of her services other than an initial drug evaluation that recommended intensive outpatient drug treatment which she did not attempt to initiate, she did not maintain housing or a job, and she did not maintain regular visitation with the children. Instead, Anna was arrested twice for drug-related offenses after the children's removal, refused to participate in drug testing other than one test from Ohio where she had moved, and refused to meet with the caseworker. Basically, Anna did nothing to address the reasons for the children's removal during the pendency of the proceedings without explanation or excuse. We find that the evidence was legally and factually sufficient to support the trial court's finding that termination was in the best interest of the children. We overrule Anna's issue three.

## ROBERT

### IMPROPER CITATION

In his first issue, Robert complains that his due process rights were violated because he was not properly served with citation in this proceeding. The trial court signed an order allowing for citation by posting at the beginning of the proceedings based on an affidavit signed by the caseworker that Robert's whereabouts were unknown. It appears from the record that the Department was aware of Robert's location at different times throughout the proceedings as he was incarcerated for kidnapping the children from his father and for other offenses.

Establishing personal jurisdiction over a defendant requires valid service of process. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) ("Personal jurisdiction, a vital component of a valid judgment, is dependent 'upon citation issued and served in a manner provided for by law.'"). "If service is invalid, it is 'of no effect' and cannot establish the trial court's jurisdiction over a party." *In re E.R.*, 385 S.W.3d at 563. A complete failure of service deprives a litigant of due process and deprives the trial court of personal jurisdiction; any resulting judgment is void and may be challenged at any time. *In re E.R.*, 385 S.W.3d at 566. At a minimum, "due process requires 'notice and an opportunity to be heard.'" *In re P. RJ E.*, 499 S.W.3d 571, 575 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

However, complaints regarding service of process can be waived: a party waives

a complaint regarding service of process if he makes a general appearance. *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied); *see* TEX. R. CIV. P. 120a (setting out procedure for making special appearance, providing that special appearance "shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion," and stating that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance"). A party enters a general appearance when he (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by his acts that an action is properly pending, or (3) seeks affirmative action from the court. *In re D.M.B.*, 467 S.W.3d at 103 (*quoting Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304-05 (Tex. 2004) (per curiam)); TEX. R. CIV. P. 120 (providing that defendant may, in person or by attorney, enter appearance in open court and this appearance "shall have the same force and effect as if the citation had been duly issued and served as provided by law").

In determining whether a general appearance has occurred, the emphasis is on affirmative action by the party, not on whether the party seeks affirmative relief. *In re D.M.B.*, 467 S.W.3d at 104. "[A] party's request for affirmative action constitutes a general appearance because such a request recognizes a court's jurisdiction over the parties, whereas the mere presence by a party or his attorney does not constitute a general appearance." *Id.* at 103.

In this proceeding, Robert's appointed counsel filed an answer on his behalf

without complaining about the method of the service of citation, participated in the final trial, and did not object at any time to the improper citation. We find that this complaint was waived. We overrule Robert's first issue.

## LATE APPOINTMENT OF COUNSEL AND FAILURE TO GRANT EXTENSION

In his second issue, Robert complains that the trial court erred by failing to appoint counsel to represent him until approximately three months before the final trial in this proceeding and by failing to grant an extension so that he could be located and participate in the proceedings. This proceeding commenced in February of 2020, and the trial court approved service by publication at that time. Counsel for Robert was appointed in late October of 2020. The final trial took place in late January of 2021. At the time of the appointment of counsel, it was believed that Robert was incarcerated in McLennan County; however, it was later determined that he had been released from McLennan County at approximately the same time his counsel had been appointed. Prior to that time, it was believed that he was in Mexico. The Department testified that their understanding was that Robert was incarcerated in Parker County at the time of the final trial. Robert did not personally appear at any hearing in this proceeding, including the final trial.

We recognize that Texas courts, including this one, have routinely held that the appointment of counsel for an indigent parent later in the proceedings does not violate the parent's due-process rights. *See In the Interest of A.D.*, No. 10-19-00411-CV, 2020 Tex.

App. LEXIS 6292, 2020 WL 4691657, at *5 (Tex. App.—Waco Aug. 10, 2020, pet. filed) (mem. op.) (concluding that appellant was not harmed by the failure to appoint counsel five months after the proceedings were instituted by the Department); *see also In re M.J.M.L.*, 31 S.W.3d 347, 353-54 (Tex. App.—San Antonio 2000, pet. denied) (concluding that the appointment of counsel six months after the Department filed its termination petition did not violate section 107.013 of the Family Code, especially considering counsel was appointed over a year before the trial date); *In re M.M.*, No. 05-18-00901-CV, 2019 Tex. App. LEXIS 368, at **4-5 (Tex. App.—Dallas Jan. 22, 2019, no pet.) (mem. op.) (concluding that the trial court did not abuse its discretion by appointing an indigent parent counsel six months into the case, after the removal hearing and a subsequent status hearing); *In re B.K.*, No. 10-12-00311-CV, 2012 Tex. App. LEXIS 10730, at **5-6 (Tex. App.—Waco Dec. 27, 2012, no pet.) (mem. op.) (holding that the appointment of counsel fifteen months after the child's removal and slightly less than five months before trial did not violate the parent's due-process rights); *In re C.R.*, No. 09-11-00619-CV, 2012 Tex. App. LEXIS 4303, at **9-11 (Tex. App.—Beaumont 2012, no pet.) (mem. op.) (concluding that the trial court did not abuse its discretion by appointing counsel for a parent three months prior to trial); *In re C.Y.S.*, No. 04-11-00308-CV, 2011 Tex. App. LEXIS 9355, at **9-15 (Tex. App.—San Antonio Nov. 30, 2011, no pet.) (mem. op.) (concluding that the trial court did not abuse its discretion by appointing counsel ten months after the termination petition was filed and four months before trial).

However, we also recognize that this Court has held that the failure to appoint counsel for one-third of the time the case was pending constituted harmful error that "probably caused the rendition of an improper judgment." *In the Interest of S.R.*, 2019 Tex. App. LEXIS 11277, at *5 (Tex. App.—Waco Dec. 31, 2019, pet. denied) (mem. op.) (*citing* TEX. R. APP. P. 44.1(a)(1); *In re B.C.*, 592 S.W.3d 133, 137-38 (Tex. 2019)). During this time, appellants "were deprived of the appointment of counsel prior to the adversary hearing, and were subsequently without counsel at the status hearing, the dismissal hearing, and the first permanency hearing conducted by the trial court." *Id*. The error in that case, however, was not the trial court's failure to appoint counsel but the trial court's failure to properly admonish the parents of their right to counsel, which is not at issue in this proceeding. *See In re S.R.*, 2019 Tex. App. LEXIS 11277, at *5. Moreover the harm of not timely admonishing about the right to counsel and therefore not having counsel timely appointed was exacerbated by using evidence obtained at hearings held without counsel in the termination trial.

In this proceeding, it is unclear as to whether Robert's location was known until the summer of 2020, when he kidnapped the children from his father's residence. Robert was found with the children in Fort Worth and was arrested. Further, he has not challenged the sufficiency of the evidence regarding the predicate act that he engaged in conduct or placed the children with persons who engaged in conduct which endangered the children pursuant to Section 161.001(b)(1)(E) and we agree that the evidence was

sufficient pursuant to that ground. It is reasonable to imply that at least as of the summer of 2020 when he kidnapped the children, Robert knew of the Department's involvement with the children, yet even then he did not attempt to get involved in the proceedings. Because of this, he cannot show that any error in the failure to appoint counsel earlier in the proceedings so that he could participate in the proceedings was harmful, that is, that any error "probably caused the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1(a)(1); *In re B.C.*, 592 S.W.3d at 137-38; *see also In re S.R.*, 2019 Tex. App. LEXIS 11277, at **5-6.

Robert also argues in his second issue that the trial court erred by denying his request for an extension of the court's jurisdiction. Trial counsel for Robert orally requested an extension during her closing argument at the end of the trial. The granting or denial of a request for extension of the court's jurisdiction is within the discretion of the trial court. *In re A.J.M.*, 375 S.W.3d 599, 604 (Tex. App.—Fort Worth 2012, pet. denied). In order to grant an extension of the trial court's jurisdiction, there are two prerequisites that must be shown: the trial court must find that (1) extraordinary circumstances necessitate the children remaining in the Department's temporary managing conservatorship, and (2) continuing the appointment of the Department as temporary managing conservator is in the children's best interest. TEX. FAM. CODE ANN. § 263.401(b); *see also In the Interest of G.X.H.*, No. 19-0959, 2021 Tex. LEXIS 345 at *14, 2021 WL 1704234 (Apr. 30, 2021). The burden is on the movant to provide evidence supporting a

determination that the trial court abused its discretion by denying the motion for an extension. *See In re M.S.*, 602 S.W.3d 676, 679-80 (Tex. App.—Texarkana 2020, no pet.) (holding that trial court did not abuse its discretion in denying parent's motion in part because motion failed to focus on child's needs). In his brief to this Court, Robert does not address the findings that would have been required for the trial court to have granted an extension. Our review of the record establishes that there was no evidence presented to the trial court that continuing the appointment of the Department as the temporary managing conservator would be in the children's best interest. Because of this, Robert has not shown that the trial court abused its discretion by denying his request for an extension. We overrule Robert's second issue.

SUFFICIENCY OF THE EVIDENCE

In his third issue, Robert complains that the evidence was legally and factually insufficient for the trial court to have found that he failed to complete his service plan pursuant to Section 161.001(b)(1)(O). In his fourth issue, Robert complains that the evidence was legally and factually insufficient for the trial court to have found that he "knowingly placed or knowingly allowed the child[ren] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[ren]" pursuant to Section 161.001(b)(1)(D). Robert does not challenge the sufficiency of the evidence as to Section 161.001(b)(1)(E), the third predicate act upon which the trial court granted the termination of his parental rights or that termination was in the best interest

of the children.

In general, because only one predicate ground under Section 161.001(b)(1) is sufficient to support a judgment of termination, in order to be successful on appeal it is necessary to challenge all the predicate grounds upon which a trial court based its termination order. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re S.J.R.-Z.*, 537 S.W.3d 677, 682 (Tex. App.—San Antonio 2017, pet. denied). When all the grounds that may support an order of termination are not challenged on appeal, historically we have not addressed the sufficiency of the evidence of any of the predicate grounds for termination but accepted the validity of the unchallenged grounds and affirmed the termination order. *See In re A.V.*, 113 S.W.3d at 361-62.

However, we are now mandated to address at least one of the issues challenging a trial court's findings under Section 161.001(b(1)(D) or (E) because termination under Section 161.001(b)(1)(D) or (E) may have implications for a parent's parental rights to other children. *In re N.G.*, 577 S.W.3d 230, 236-37 (Tex. 2019). In this proceeding, however, Robert does not challenge the sufficiency of the evidence to support the trial court's finding pursuant to Section 161.001(b)(1)(E), which requires us to accept the validity of that ground. Because one of the two grounds that we would be required to address was not challenged, it is not necessary for us to address the sufficiency of the evidence as to Section 161.001(b)(1)(D) or (O). We overrule Robert's issues three and four.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Neill, and
      Justice Johnson
Affirmed
Opinion delivered and filed May 27, 2021
[CV06]

